ORIGINAL

BY FAX

1  Tammy Hussin (Bar No. 155290)
2  Lemberg & Associates LLC
   6404 Merlin Drive
3  Carlsbad, CA 92011
4  Telephone (855) 301-2100 ext. 5514
   thussin@lemberglaw.com
5
6  Lemberg & Associates, LLC
   1100 Summer Street
7  Stamford, CT 06905
8  Telephone: (203) 653-2250
   Facsimile: (203) 653-3424
9
10 Attorneys for Plaintiff, Von Timothy
11
12
13                UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
14
15 Von Timothy,                      Case No.: **C12-02219**
16         Plaintiff,                **COMPLAINT FOR DAMAGES**
                                     **1. VIOLATION OF FAIR DEBT**
17     vs.                           **COLLECTION PRACTICES ACT,**
                                     **15 U.S.C. § 1692 ET. SEQ;**
18 The Brachfeld Law Group, A Professional  **2. VIOLATION OF FAIR DEBT**
   Corporation; and DOES 1-10, inclusive,   **COLLECTION PRATICES ACT,**
19                                          **CAL.CIV.CODE § 1788 ET. SEQ.**
         Defendants.
20                                   **JURY TRIAL DEMANDED**
21
22
23
24
25
26
27
28
   ─────────────────────────────────────
                              COMPLAINT FOR DAMAGES



FILED
MAY - 3 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

For this Complaint, the Plaintiff, Von Timothy, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Von Timothy (hereafter "Plaintiff"), is an adult individual residing at Antioch, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant The Brachfeld Law Group, A Professional Corporation ("Brachfeld"), is a California business entity with an address of 880 Apollo Street, Suite 155, El Segundo, California 90245-4783, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Brachfeld and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Brachfeld at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $1,200.00 (the "Debt") to Capital One Credit Card (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Brachfeld for collection, or Brachfeld was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.    Brachfeld Engages in Harassment and Abusive Tactics**

12. Within the last year, Brachfeld contacted Plaintiff in an attempt to collect the Debt.

13. Brachfeld called Plaintiff's mother in an attempt to locate Plaintiff. Brachfeld informed Plaintiff's mother that they were looking for Plaintiff in order to sue him and that it was in Plaintiff's best interest to contact Brachfeld as soon as possible. This caused a huge amount of embarrassment to Plaintiff and caused his relationship with his mother to become strained.

14. Brachfeld thereafter contacted Plaintiff in an attempt to collect the Debt.

15. During each conversation, Brachfeld used bullying tactics with Plaintiff in an effort to intimidate Plaintiff into making immediate payment of the Debt, often times speaking to him in a rude and condescending tone, interrupting and talking over Plaintiff. This caused Plaintiff to feel oppressed and humiliated.

16. Brachfeld contacted Plaintiff at an excessive rate, sometimes placing two to four calls to Plaintiff per day, multiple days per week for successive weeks.

C. **Plaintiff Suffered Actual Damages**

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

22. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

23. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

24. Defendants used an unfair and unconscionable means to collect the debt, in violation of 15 U.S.C. § 1692e.

25. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

29. The Brachfeld Law Group, A Professional Corporation, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

30. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

31. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

32. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

33. The Defendants communicated information about the debt to the Plaintiff's extended family, without the intent of confirming the Plaintiff's location and without consent from the Plaintiff or the Plaintiff's attorney, in violation of Cal. Civ. Code § 1788.12(b).

34. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

35. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: May 3, 2012                TAMMY HUSSIN

By: /s/ Tammy Hussin
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff Von Timothy

8                COMPLAINT FOR DAMAGES